PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1985 Chevrolet pickup truck struck a hole on Rutledge Road in Charleston, Kanawha County. Rutledge Road is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 11:15 a.m. on April 21, 2007. Rutledge Road is a paved, narrow, two-lane road at the area of the incident involved in this claim. Claimant was driving on Rutledge Road at approximately thirty miles per hour when he noticed a Ford pickup truck traveling in the opposite direction. Since the oncoming vehicle was on the road’s yellow center line, claimant maneuvered his vehicle to the side of the road. As he drove his vehicle to his right, his truck struck a hole on the edge of the road. There is no berm in this particular area, and claimant’s vehicle fell into a ditch line on the side of the road and collided with a rock cliff located adjacent to the ditch line. As a result of this incident, claimant’s *210 vehicle sustained damage to its fender, inner fender, core support, mirror, hood, battery box, front bumper, wheel, and tire in the amount of $1,696.00. Claimant had liability insurance only.
The position of the respondent is that it did not have actual or constructive notice of the condition on Rutledge Road. David Fisher, Highway Administrator for respondent in Kanawha County, testified that he is familiar with the area where claimant’s incident occurred. Mr. Fisher stated that Rutledge Road is a second priority road in terms of its maintenance. According to Mr. Fisher, approximately six to twelve inches of the edge of the road appeared to be missing at this location. He estimated that the there was a drop of approximately one and a half to two feet between the road surface and the ditch line. Since the rock cliff is situated close to the edge of the road, he stated that there is no room to place a shoulder. He testified that respondent did not receive complaints regarding the condition of the road prior to this incident.
The well-established principle of law in W est Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the defective condition which led to the damage to claimant’s vehicle. Further, the deep ditch line and the lack of any berm adjacent to the hillside presented a hazard to the traveling public. Thus, the Court concludes that respondent had notice of the defective condition existing on Rutledge Road at the time of this incident and that further, claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $1,696.00.
Award of $1,696.00.